Antonio Oneicmo TOVAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00867–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 20, 2006.

Joseph Salhab, Cornelius & Salhab, Houston, for Appellant.

William J. Delmore III, Assistant District Atty., Houston, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Antonio Oneicmo Tovar, appeals from a conviction for the first degree felony offense of aggravated sexual assault of a child under the age of 14. *See* TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(iii) (Vernon 2004). Appellant pleaded not guilty to the indictment that alleged that his sexual organ contacted the sexual organ of complainant. A jury found appellant guilty, assessing his punishment at 23 years in prison. Appellant's sole issue asserts that the trial court erred by admitting into evidence, over his timely objection, a videotaped interview of complainant. We conclude that, because appellant's attorney's cross-examination opened the door to the content of the statement, the trial court did not abuse its discretion by admitting the videotaped statement given by complainant. We therefore affirm.

## Background

Complainant is the cousin of appellant's wife. In April 2002, when complainant was 12 years of age, she went to appellant's apartment to babysit his two young children: his daughter, who was about six or seven years of age, and his son, who was approximately 18 months of age. That evening, complainant retired alone into appellant's daughter's bedroom to spend the night at appellant's residence because she did not have a ride home.

Later that night, complainant awoke to find appellant lying in bed next to her. Appellant fondled her breast, unzipped his pants, and pulled her hand towards his sexual organ. When complainant pulled away, appellant got on top of her, removing her pants and panties. Appellant tried to penetrate her anus with his finger. Appellant then attempted to penetrate complainant's female sexual organ with his male sexual organ by pushing his organ against her for about 15 minutes. Appellant then got off complainant and left the room. Complainant locked the door to the bedroom, dressed herself, and went to sleep.

The next morning, appellant apologized to complainant, claiming that he had been drunk and had not known what he was doing. Although complainant initially told only a teenage friend about the assault, she later told her mother about it. Complainant was examined at Texas Children's Hospital and interviewed by a social worker at the Children's Assessment Center (CAC), where her statement was recorded on videotape.

Complainant's mother gave to a police officer the clothes that complainant wore on the night of the assault. Semen that was found on complainant's panties had DNA that was consistent with appellant's DNA profile. In a random population, the DNA profile obtained from the sperm cells on complainant's underwear would occur in one in 6.2 billion people.

At trial, appellant's attorney cross-examined complainant by impeaching her with her statements that were recorded in medical records from Texas Children's Hospital. The medical records contained complainant's statement that appellant was on top of her and naked from the waist down when she awoke, rather than next to her with his pants on, as she had testified to the jury. The medical records also showed that complainant did not tell medical personnel that appellant had tried to get her to feel his sexual organ with her hand, which differed from her testimony to the jury that described appellant's having pulled her hand toward his organ. Appellant's attorney's cross-examination also questioned why complainant had not cried out for help or immediately told appellant's wife about the assault. Appellant's attor-

ney further questioned complainant about whether appellant had actually penetrated her sexual organ or not, by asking, "So, yesterday, you said you think he was trying to put his penis in the vagina. Today you're saying that he actually did put his penis in your vagina?" Complainant responded "yes" to the question.

Appellant's attorney's cross-examination also impeached complainant with her statements that were supposedly made to a social worker and recorded on videotape at the CAC. Appellant's attorney questioned complainant as follows:

[Appellant's attorney]: Do you remember telling the social worker that Mr. Tovar—or—had actually put his finger in your vagina?

[Complainant]: No, I don't remember.

. . .

[Appellant's attorney]: Okay. Do you recall going some place and talking with some lady about what happened? It would have been a few days later, about 10 days after you went to the doctor.

[Complainant]: Yes.

[Appellant's attorney]: Okay. Do you remember telling that lady that when this attack—or when this incident happened, that Brittany was in the room with you?

[Complainant]: No.

[Appellant's attorney]: You don't remember saying that at all?

[Complainant]: No.

[Appellant's attorney]: Okay. Do you remember telling that lady that you didn't know if Mr. Tovar had actually put his penis inside your vagina?

[State's Attorney]: Objection to improper impeachment.

The Court: Overruled. You may ask that.

[Appellant's attorney]: Do you recall?

[Complainant]: No.

[Appellant's attorney]: Do you remember talking with that lady? And if you don't remember, that's fine. Do you remember much of the conversation or not?

[Complainant]: No.

Immediately after having asked these questions, appellant's attorney passed the witness, and the State offered into evidence the videotaped statement of the complainant. The trial court overruled appellant's attorney's objection to the videotape and admitted it into evidence.

On the videotaped statement, complainant said that she had gone to bed alone in appellant's daughter's room and that appellant's daughter had slept in appellant's bedroom. After complainant had gone to sleep, she awoke to find appellant lying next to her in bed. Appellant removed the pants and panties that complainant was wearing and touched her breasts with his hand. Complainant said that appellant also kissed her on the mouth and on her breast, that he pulled her hand to touch his penis, and that he tried to put his penis in her mouth, but she moved away. Complainant stated that appellant's penis touched her vagina when he "tried to put his penis in my vagina" and that appellant stopped when he could not get inside her. She further stated that appellant's penis touched her vagina, but she did not know "if it went inside." The next morning, appellant asked her if she was okay, and she responded, "Not really." Appellant told complainant not to tell anyone what he had done because he would get in trouble, and he laughed after he asked if it was her first time.

### Preservation of Error

Although the State has not complained that error was waived, as a prelim-

inary matter, we determine whether appellant's trial objection preserved the right to complain about the trial court's admission of this evidence. *See Rezac v. State*, 782 S.W.2d 869, 871 (Tex.Crim.App.1990) (holding that court of appeals errs if it addresses issues not preserved by proper presentation to trial court). Rule 33.1 of the Rules of Appellate Procedure requires that a party state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R.APP. P. 33.1(a)(1)(A). Appellant's point of error on appeal must comport with his objection at trial. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex.Crim.App.2003) (holding that appellant failed to preserve any error regarding victim-impact evidence's admission because his objection at trial did not comport with complaint raised on appeal). Generally, a party's failure timely and specifically to object at the trial-court level waives error. TEX.R.APP. P. 33.1; *Blue v. State*, 41 S.W.3d 129, 131 (Tex.Crim.App.2000). In making objections, there are no technical considerations or form of words to be used; straightforward communication in plain English will always suffice. *Ex parte Little*, 887 S.W.2d 62, 65 (Tex.Crim.App.1994). An objection may be in phrased in any manner that sufficiently apprises the trial court and opposing counsel of the nature of the complaint. *Id.*

■■ The record shows as follows:

[State's attorney]: Since he was able to go into and get inconsistent statements of the videotape, I believe he has opened the door to my putting the videotape on for prior consistent statements.

The Court: I think that's probably true. Do you want to be heard on that, Mr. McCoy?

[Appellant's attorney]: Your honor, I don't think I have opened the door; but, I'm not going to make—I will just object to it for the record and let you rule.

Because appellant's attorney objected at trial to the State's proffer of the videotape as a prior consistent statement, we conclude that the trial court was on notice that appellant was objecting to the State's offer of the videotape as a prior consistent statement by complainant, and that issue is therefore preserved for appeal.[1] Appellant's other appellate complaints, however, concerning rule 107 of the Rules of Evidence[2] and article 38.07 of the Code of

1. A prior statement of a witness that is consistent with the testimony of the witness is inadmissible except as provided in Rule of Evidence 801(e)(1)(B). TEX.R. EVID. 613(c). Such a statement by a witness is admissible if (1) the witness testifies at trial, (2) the witness is subject to cross-examination concerning the statement, (3) the statement is consistent with the witness's testimony, and (4) the statement is offered to rebut an express or implied charge against the witness of recent fabrication or improper influence or motive. *Id.* 801(e)(1)(B).

2. *See* TEX.R. EVID. 107. Although appellant objected that he had not "opened the door" to the evidence, that objection was insufficient to

place the trial court on notice that he was asserting an objection under rule 107 of the Rules of Evidence. *See Ex parte Little*, 887 S.W.2d 62, 65 (Tex.Crim.App.1994). We recognize that an objection on the ground of "opening the door" can, in some circumstances, constitute an objection under rule 107. *See Credille v. State*, 925 S.W.2d 112, 116 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd) (stating that rule 107 permits introduction of otherwise inadmissible evidence when evidence is necessary fully and fairly to explain matter "opened up" by adverse party); *see also Fuentes v. State*, 991 S.W.2d 267, 279 (Tex.Crim.App.1999) (recognizing that rule 107 "has been recognized as addressing or at least encompassing the 'opening the door'

Criminal Procedure [3] are waived because appellant presented no objections on those grounds to the trial court. *See* Tex.R.App. P. 33.1(a)(1)(A).

### Admission of Videotaped Interview of Complainant

■ We assume without deciding that the trial court erred by admitting the videotape as a prior consistent statement over appellant's trial-court objection. An appellate court, however, must uphold the trial court's evidentiary ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim.App.2002). We conclude that because the videotape was properly admissible under rule 107 of the Rules of Evidence, no error occurred in the admission of the videotape.

■ The standard of review for a trial court's ruling under the Rules of Evidence is abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex.Crim.App. 2004). Under the rule of optional completeness, "[w]hen a part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, . . . as when a letter is read, all letters on the same subject between same parties may be given." Tex.R. Evid. 107. The purpose of the rule is to reduce the possibility of the jury's receiving a false impression from hearing only a part of some act, conversation, or writing. *Credille v. State*, 925 S.W.2d 112, 116 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd). When defense counsel pursues a subject that would ordinarily be outside the realm of proper comment by the prosecutor, the defendant opens the door and creates a right of reply for the State. *Id.; accord Parr v. State*, 557 S.W.2d 99, 102 (Tex.Crim.App.1977); *Sherman v. State*, 20 S.W.3d 96, 101 (Tex.App.-Texarkana 2000, no pet.). A party who opens a door to an issue "cannot complain when the opposing party desires to go into the details of that subject." *See Sherman*, 20 S.W.3d at 101. More specifically, under rule 107, the State is entitled to admission of a complainant's videotaped statement when (1) the defense attorney asks questions concerning some of the complainant's statements on the videotape, (2) the de-

situation"); *Foster v. State*, 779 S.W.2d 845, 856–57 (Tex.Crim.App.1989) (discussing rule of optional completeness when appellant "denied he had opened the door" to objectionable evidence). But an objection on the grounds of "opening the door," without more, does not sufficiently apprise the trial court and opposing counsel that the objection is under Rule 107. *See Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996) (determining that cross-examination of alleged accomplice opened door to evidence of other offenses committed by accused and witness); *Prescott v. State*, 744 S.W.2d 128, 130–31 (Tex.Crim.App.1988) (deciding that accused's leaving false impression of criminal past is said to have "opened the door" to impeachment with otherwise inadmissible prior offenses); *Williams v. State*, No. 01–02–00909–CR, 2004 WL 1902531, at *3–4 (Tex.App.-Houston [1st Dist.] Aug. 26, 2004, pet. ref'd) (not designated for publication) (determining that appellant opened the door to officer's stating opinion that witnesses were telling truth). We conclude, therefore, that appellant's objection that he had not "opened the door" to the evidence was insufficient to alert the trial court that he was asserting an objection under rule 107 of the Rules of Evidence.

3. *See* Tex.Code Crim. Proc. Ann. art. 38.07 (Vernon 2005). Appellant also contends that the admission of the evidence violated section 38.071(1) of the Texas Code of Criminal Procedure. Article 38.071 allows the admission of a videotaped statement of a child under certain conditions, but requires that the child be unavailable to testify in the presence of the defendant. Tex.Code Crim. Proc. Ann. art. 38.071, § 1(8) (Vernon 2005). Appellant did not assert an article 38.071 objection at trial, and error is, therefore, waived.

fense attorney's questions leave the possibility of the jury's receiving a false impression from hearing only a part of the conversation, with statements taken out of context, and (3) the videotape is necessary for the conversation to be fully understood. *Credille,* 925 S.W.2d at 117; *Aguirre v. State,* No. 08–05–00015–CR, 2006 WL 304547, at \*3–4 (Tex.App.-El Paso Feb.9, 2006, pet. ref'd) (not designated for publication). Although the defense attorney's questions pertain to the complainant's statements on the videotape, rule 107 does not permit the introduction of the videotape by the State when (1) the videotape is unnecessary to show the context of the statement, such as the absence of a statement by the complainant rather than the existence of any directly contradictory statement, and (2) the admission of the videotape would likely create confusion, such as through references to extraneous offense evidence. *Sauceda,* 129 S.W.3d at 121–24.

Through his cross-examination, appellant's trial attorney stated that the videotape contained complainant's statement that Brittany was in the bedroom at the time of the assault. Contrary to that representation, the videotape shows that complainant said she was alone in the bedroom with appellant. Complainant's videotaped statement was, therefore, consistent with her trial testimony. Appellant's attorney's cross-examination question to complainant that asked whether she "remembered" telling the interviewer "that Brittany was in the room with you" thus falsely suggested that complainant had given inconsistent statements about the presence of another person during the assault. We conclude that the admission of the videotape was necessary fully and fairly to explain the contents of complainant's videotaped statement because appellant's attorney misrepresented the contents of that statement. *See Credille,* 925 S.W.2d at 116. By suggesting that the videotaped statement contained a statement that it did not, appellant gave the State a "right of reply" to "go into the details of that subject" to correct the false impression left by appellant. *Sherman,* 20 S.W.3d at 101; *accord Credille,* 925 S.W.2d at 117; *Ramirez,* 802 S.W.2d at 676.

Through his cross-examination, appellant's trial attorney also suggested that complainant was unaware whether she had been sexually assaulted. During his cross-examination of complainant, appellant's attorney asked, "Do you remember telling that lady that you didn't know if Mr. Tovar had actually put his penis inside your vagina?" Complainant responded, "No." The implication of appellant's attorney's question was that complainant was unaware of whether she had been sexually assaulted. Taken in context, however, complainant's statements that appellant touched her female sexual organ with his sexual organ when he attempted penetration were necessary for complainant's conversation with the interviewer to be fully understood and to correct the false impression that complainant was unaware whether she had been sexually assaulted. We conclude that the videotape was admissible for the conversation to be fully understood. *See Credille,* 925 S.W.2d at 117. Moreover, the videotape is admissible under these circumstances that show that "defense counsel introduced specifics as to the context of the videotape on cross-examination." *Graves v. State,* 176 S.W.3d 422, 429 (Tex. App.-Houston [1st Dist.] 2004, no pet.) (holding that videotape of child complainant was admissible as prior consistent statement and because appellant had "opened the door" by introducing specifics of videotape on cross-examination).

We note further that the videotape pertained only to complainant's statements made about this aggravated sexual assault

by appellant against her alone, on this single occasion, and thus the videotape would not likely create confusion through the inclusion of unrelated extraneous offenses. *See Sauceda*, 129 S.W.3d at 121–24. Moreover, the issue here did not concern the absence of a statement, but, rather, the content of the statements on the videotape and the context of those statements. *See id.*

We conclude that appellant's attorney's inquiry into part of the contents of complainant's statement that was recorded on videotape left a false impression with the jury regarding the contents of that statement, and thus the remainder of that statement was admissible under the rule of optional completeness so that the conversation between complainant and the interviewer could be fully understood. *See* Tex.R. Evid. 107; *Credille*, 925 S.W.2d at 117; *Aguirre*, 2006 WL 304547, at *3–4. We hold that the trial court did not abuse its discretion by admitting complainant's videotaped statement.

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.

Justice JENNINGS, concurring in the judgment.

TERRY JENNINGS, Justice, concurring.

The majority errs in concluding that because appellant inquired "into part of the contents of complainant's statement that was recorded on videotape," the entire "statement was admissible under the rule of optional completeness so that the conversation between complainant and the interviewer could be fully understood." However, because appellant's point of error on appeal does not comport with his objection at trial, I concur only in the judgment of the court.

### Optional Completeness

The rule of optional completeness provides, in pertinent part:

When part of an act, declaration, conversation, writing or recorded statement *is given in evidence* by one party, the whole on the same subject may be inquired into by the other, *and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence,* as when a letter is read, all letters on the same subject between the same parties may be given.

Tex.R. Evid. 107 (emphasis added). Rule 107 "does not ... permit the introduction of other similar, but inadmissible, evidence unless it is truly necessary to explain *properly admitted evidence.*" Cathleen Cochran, Texas Rules of Evidence Handbook, art. I, at 93 (6th ed.2005) (emphasis added). Also, "the rule is not invoked by the mere reference to a document, statement, or act; rather, a portion of the matter must 'be given' in evidence before the rule permits the admission of other portions of that evidence." *Id.* (citing *Goldberg v. State,* 95 S.W.3d 345, 386–87 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd)). Moreover, "the rule *does not permit a party to offer an entire recorded interview,* a diary, or other voluminous material into evidence if the witness responds negatively when questioned about whether that recording, diary, or statement contains certain information." *Id.* at 93 (emphasis added).

The majority holds that the trial court did not err in admitting the entire videotaped interview of the complainant based on the following exchange between defense counsel and the complainant:

[Defense Counsel]: Do you *remember* telling the social worker that Mr. Tovar—or—had actually put his finger in your vagina?

[Complainant]: *No, I don't remember.*

. . . .

[Defense Counsel]: Okay. Do you recall going some place and talking with some lady about what happened? It would have been a few days later, about 10 days after you went to the doctor.

[Complainant]: Yes.

[Defense Counsel]: Okay. Do you *remember* telling that lady that when this attack—or when this incident happened, that Brittany was in the room with you?

[Complainant]: No.

[Defense Counsel]: You don't *remember* saying that at all?

[Complainant]: No.

[Defense Counsel]: Okay. Do you *remember* telling that lady that you didn't know if Mr. Tovar had actually put his penis inside your vagina?

[State]: Objection to improper impeachment.

[Trial Court]: Overruled. You may ask that.

[Defense Counsel]: Do you *recall?*

[Complainant]: No.

[Defense Counsel]: Do you *remember* talking with that lady? And if you don't remember, that's fine. Do you *remember* much of the conversation or not?

[Complainant]: No.

(Emphasis added.)

Here, it is readily apparent that defense counsel did not elicit any evidence from the complainant about specific statements that she made in the interview. When asked if she *remembered* or *recalled* the above statements, the complainant clearly stated that she did not. Because defense counsel did not introduce any evidence of the substance of the complainant's previous statements, there was, in fact, nothing for the State to make "fully understood" or to "explain" in the complainant's videotaped interview. The above testimony in no way invokes Rule 107, and the majority errs in concluding otherwise.

### Error Preservation

On appeal, appellant summarizes his argument as follows:

> Admission of the complainant's videotaped testimony violated [article] 38.071 of the Texas Code of Criminal Procedure, which permits the admission of a child under thirteen's videotaped testimony if the child is unavailable to testify. In this case, [the complainant] was available and did actually testify at trial. The court improperly admitted the video tape testimony over Tovar's objection.

*See* Tex.Code Crim. Proc. Ann. art. 38.071 (Vernon 2005). Also, appellant argues that the statement was hearsay and was not admissible as a "prior consistent statement." *See* Tex.R. Evid. 613(c), 801(e)(1)(B).

However, as noted by the majority, when the State offered into evidence the videotaped interview of the complainant, the following exchange occurred:

> [State]: Since he was able to go into and get inconsistent statements of the videotape, I believe he has opened the door to my putting the videotape on for prior consistent statements.
>
> [Trial Court]: I think that's probably true. Do you want to be heard on that, Mr. McCoy?
>
> [Defense Counsel]: Your honor, I don't think I have opened the door; but, I'm not going to make—I will just

object to it for the record and let you rule.

Nothing in appellant's general objection "for the record" apprised the trial court of the complaints that appellant now asserts on appeal, i.e., that the videotaped statement was hearsay and its admission violated article 38.071. He did not state the grounds for the ruling that he sought from the trial court with sufficient specificity to make the trial court aware of the complaints, and they are not apparent from the context in the above-quoted exchange. *See* TEX.R.APP. P. 33.1(a)(1)(A). An appellant's point of error on appeal must comport with his objection at trial. *Guevara v. State*, 97 S.W.3d 579, 583 (Tex.Crim. App.2003). Thus, I would hold that appellant has failed to preserve error regarding the admission of the videotaped interview because his objection at trial does not comport with his complaints now raised on appeal. *See id.*

### Conclusion

Having concluded that appellant has failed to preserve error regarding the admission of the videotaped interview, I would affirm the judgment of the trial court. Accordingly, I concur only in the judgment of the Court.