Opinion issued
March 29, 2012.

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NOS. 01-10-00903-CR

          01-10-00904-CR

———————————

Derek Smith, Appellant

V.

The
State of Texas, Appellee



 



 

On Appeal from the 337th
District Court

Harris County, Texas



Trial Court Case Nos. 1214637, 1214638

 



 

 

MEMORANDUM
OPINION ON REHEARING

 

          Appellant
Derek Smith filed a motion for rehearing in this case.  We grant Smith’s motion for rehearing, withdraw
our opinion and judgment of January 5, 2012, and substitute the following in their
place.

          Smith
appeals his conviction for two charges of indecency with a child.  See Tex. Penal Code Ann. § 21.11 (West 2011).  Smith pleaded not guilty to the
jury, which convicted him of both charges. 
The trial court assessed punishment at two years’ confinement for each
charge, with the sentences to run concurrently. 
On appeal, Smith contends that the trial court erred by permitting the
testimony of the forensic interviewer because her statements were inadmissible
hearsay and that the evidence is insufficient to support his conviction.  We affirm.

Background

          Smith
married Wendy M., the mother of M.M., the ten-year-old complainant, in December
2008.  On March 4, 2009, Wendy reported
that M.M. had been assaulted.  M.M. was
taken to the Children’s Assessment Center where Lisa Holcomb conducted a
forensic interview.  Tonnis Hilliard, a
Department of Family and Protective Services caseworker, was assigned to M.M.’s
case and was also present during Holcomb’s interview of M.M.  M.M. was removed from Wendy’s home and his
father Chris M. was given primary custody with Wendy having rights to
supervised visitation.

          At
trial, M.M. testified that on Valentine’s Day 2009, Wendy had gone to the
grocery store.  While Wendy was away,
Smith touched M.M.’s anus with his fingers. 
M.M. also testified that, a few days before the forensic interview,
Smith touched M.M’s penis.  M.M.
testified that, beginning in December, Smith touched M.M.’s penis or anus every
few days.  Smith threatened to destroy
M.M’s video game system if he told anyone what Smith had done.

Rule of Optional
Completeness

          In his first
point of error, Smith contends that the trial court erred by permitting
Holcomb, the forensic interviewer, to testify about what M.M. told her in an interview because her testimony was inadmissible hearsay.    

          We review a trial court’s
evidentiary ruling for an abuse of discretion. 
Tovar v. State, 221 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.]
2006, no pet.) (citing Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004)).  Hearsay statements are generally not
admissible, but Texas Rule of Evidence 107, the rule of optional completeness,
is an exception to the hearsay rule.  Pena v. State, 353 S.W.3d 797, 814 (Tex.
Crim. App. 2011).  The rule of optional
completeness states, 

When part of an act, declaration, conversation, writing
or recorded statement is given in evidence by one party, the whole on the same
subject may be inquired into by the other, and any other act, declaration,
wrting or recorded statement which is necessary to make it fully understood or
to explain the same may also be given in evidence, as when a letter is read,
all letters on the same subject between same parties may be given.

 

Tex. R. Evid.
107. The rule’s purpose is to reduce the possibility of the jury receiving a
false impression from hearing only a part of some act, conversation, or
writing.  Pena, 353 S.W.3d at 814; Tovar, 221 S.W.3d at 190.  

If defense counsel pursues a
subject that would ordinarily be outside the realm of proper comment by the
prosecutor, the defendant opens the door and creates a right of reply for the
State.  Tovar, 221 S.W.3d at 190.  Thus, under the rule of optional completeness,
the State is entitled to admission of the portions of a complainant’s statement
when (1) defense counsel asks questions concerning some of the complainant’s
statements, (2) defense counsel’s questions leave the possibility of the jury
receiving a false impression from hearing only a part of the conversation, with
statements taken out of context, and (3) the portions of the statement the
State seeks to introduce are necessary for the conversation to be fully
understood.  Id. at 190­–91. 

          On the day before
Holcomb testified, Smith’s counsel cross-examined Hilliard at length about the
contents of the interview with M.M., in an attempt to discredit M.M.’s
testimony.  For example, Smith’s counsel
got Hilliard to concede that M.M. reported that Smith sometimes tickled M.M.
while M.M. was fully clothed and that M.M. characterized even that as
inappropriate behavior.  Smith’s counsel
also got Hilliard to concede that M.M. stated that Smith never put Smith’s
mouth on M.M.’s body parts and that Smith never forced M.M. to put M.M.’s mouth
on Smith’s body parts.  

The next day, the State called Holcomb, who conducted the
interview in Hilliard’s presence, to testify. 
Smith objected that Holcomb’s testimony about M.M.’s statements in the
interview was hearsay and that she was not the proper outcry witness.  See Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2 (West Supp. 2011).  The trial court
sustained this objection.  The State re-urged
its proffer, arguing that Holcomb should be allowed to testify about M.M.’s
statements during the interview under the rule of optional completeness,
because Smith had created a potentially misleading impression of the contents
of M.M.’s interview during Hilliard’s cross-examination.  The trial court made clear that it was
admitting Holcomb’s testimony under the rule of optional completeness, not
article 38.072.  It noted that Smith’s
counsel had elicited through Hilliard only the statements of M.M. that were
helpful to Smith, and that the State was entitled under the rule of optional
completeness “to make sure the jury is not left with an incomplete
understanding” of the substance of the statements M.M. made during the
interview.  

The State asked Holcomb, “In this case, did [M.M.]
disclose to you that he had been sexually abused?”  Holcomb answered, “Yes.”  The State then asked Holcomb whom M.M.
identified as the person abusing him. 
Holcomb replied that M.M. identified Smith.  Holcomb also testified that she learned the
first incident took place in December 2008 and that the incidents of abuse
occurred at both the old and new houses in which M.M., his mother, and Smith
lived.

We agree with the trial court that
Smith’s counsel’s questioning of Hilliard about only the portions of the
interview that were favorable to Smith created the false impression that M.M.
did not make an allegation of sexual abuse during the interview.  See
Tovar, 221 S.W.3d at 190.  The
State’s questioning of Holcomb about other statements M.M. made during the same
interview was necessary to correct that false impression and for the contents
of the interview to be fully understood. 
Id.  And this was not a case in which admitting
the testimony would likely create confusion, such as when the evidence to be
admitted contains references to extraneous offenses.  Id.
at 191. 
We therefore hold that the trial court did not abuse its discretion
in admitting Holcomb’s testimony under the rule of optional completeness.  See id. (holding trial court did not abuse its
discretion in admitting complainant’s videotaped statement under rule of
optional completeness, where appellant’s counsel limited inquiry into part of complainant’s
statement and left false impression with jury regarding statement’s entire contents).

          We overrule Smith’s first point of
error.

Sufficiency of the Evidence

          In
his second and third points of error, Smith contends that the evidence is
insufficient to support his convictions. 


A.      Standard of Review

          Evidence is
insufficient to support a conviction if considering all record evidence in the
light most favorable to the verdict, a factfinder could not have rationally
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  Gonzalez v. State, 337 S.W.3d 473, 478 (Tex. App.—Houston [1st
Dist.] 2011, pet. ref’d); see Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S.
Ct. 1068, 1071 (1970); Brooks v. State,
323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); Laster
v. State, 275 S.W.3d 512,
517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Evidence is insufficient under this standard
in four circumstances:  (1) the record
contains no evidence probative of an element of the offense; (2) the record
contains a mere “modicum” of evidence probative of an element of the offense;
(3) the evidence conclusively establishes a reasonable doubt; and (4) the acts
alleged do not constitute the criminal offense charged.  Gonzalez,
337 S.W.3d at 479; see Jackson, 443
U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.   If
an appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  Gonzalez,
337 S.W.3d at 479 (citing Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218
(1982)).

          An appellate court
determines whether the necessary inferences are reasonable based upon the
combined and cumulative force of all the evidence viewed in the light most
favorable to the verdict.  Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007)).  When the record
supports conflicting inferences, an
appellate court presumes that the factfinder resolved the conflicts in favor of
the verdict and defers to that resolution. 
Jackson, 443 U.S. at
326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.  An appellate court likewise defers to the
factfinder’s evaluation of the credibility of the evidence and the weight to
give the evidence.  Gonzalez, 337 S.W.3d at 479 (citing Williams, 235 S.W.3d at 750).  

B.      Analysis

          M.M.
testified that Smith touched his anus and his penis.  This testimony is sufficient evidence to
sustain Smith’s conviction.  Bryant
v. State, 340 S.W.3d 1, 14 (Tex. App.—Houston
[1st Dist.] 2010, pet. ref’d) (holding child complainant’s testimony
alone is sufficient to support conviction) (citing Jensen v.
State, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d)).


          Smith’s
specific complaint is that he presented evidence showing inconsistencies and
contradictions in M.M.’s testimony.  Smith
asserts, “On every matter that could be objectively and independently verified,
the State’s case failed.”  For example,
Smith testified that no more than four people could fit in his car and,
therefore, M.M. was mistaken or lying when he claimed that five people rode to
Louisiana in his car.  Concerning the touching that occurred on Valentine’s
Day, Smith contends that one of his friends testified that Wendy never went
grocery shopping.  Therefore, according
to Smith, M.M. must have been lying when he testified that Smith touched his
anus while Wendy was at the grocery store. 
Concerning the touching that occurred shortly before the forensic interview,
Smith points out that M.M. testified that it occurred in their new residence,
which M.M. testified never lacked power. 
Smith testified they spent only one night there before M.M.’s outcry and
that they had no power on that night.  Smith introduced an electric bill
to corroborate his testimony on this point.

          The
factfinder determines the credibility of witnesses and the weight to give their
testimony.  See Williams, 235 S.W.3d at
750.  Likewise, it is up to the
factfinder to resolve conflicts in testimony. 
See Clayton, 235 S.W.3d at 778.  As an appellate court, we must defer to the
factfinder’s determinations on these matters. 
See id.; Williams, 235 S.W.3d at 750.  We conclude that the jury could have rationally
resolved the conflicts in the testimony against Smith and could have chosen to
believe M.M. rather than Smith.  We
therefore hold that the evidence is sufficient to support Smith’s conviction.

          We overrule Smith’s
second and third points of error.




 

Conclusion

          We affirm the
judgment of the trial court.

 

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices
Bland and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).