

## Fourth Court of Appeals
### San Antonio, Texas

**OPINION**

No. 04-22-00022-CR
No. 04-22-00023-CR
No. 04-22-00024-CR

Nathanael Lee **SCHOEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court Nos. A19182, A19183, A19184
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: June 21, 2023

AFFIRMED

Appellant Nathaneal Lee Schoen appeals his convictions for multiple counts of possession of child pornography and for the continuous sexual abuse of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. §§ 21.02 (Continuous Sexual Abuse of Young Child), 43.26(d) (Possession of Child Pornography). In two issues, Schoen challenges (1) the trial court's admission of the child's forensic interview and (2) the sufficiency of the evidence to support his convictions for the possession of child pornography. We affirm his convictions.

## BACKGROUND

Following a jury trial, Schoen was convicted of (1) six counts of possession of child pornography on his cell phone under trial cause number A19182, (2) twenty-one counts of possession of child pornography on his laptop computer under trial cause number A19183, and the continuous sexual abuse of his daughter, S.A.V.,[1] who was younger than fourteen years old under trial cause number A19184. S.A.V. accused Schoen of sexually assaulting her several times from the age of seven when she lived in Pennsylvania until she turned nine years old after living in Texas for almost a year.

The trial court assessed Schoen ten-year sentences for each conviction of possessing child pornography and life in prison without parole for the continuous sexual assault of a child younger than fourteen years old. The trial court ordered Schoen's sentences to run concurrently. Schoen appeals his convictions.

The State consolidated Schoen's cases and tried him in a single proceeding. To avoid repeating some of the evidence pertaining to both of Schoen's issues, we will first address his issue regarding whether the trial court erred in admitting the video recording of S.A.V.'s forensic interview. After discussing Schoen's evidentiary issue, we will then address his sufficiency argument pertaining to his possession of child pornography convictions.

## ADMISSION OF FORENSIC INTERVIEW

In his first issue, Schoen contends the trial court erred in admitting the recording of S.A.V.'s forensic interview under the rule of optional completeness. Schoen asserts the forensic

---

[1] To protect the identity of the victim and the members of her family except Schoen, we use pseudonyms for their names. *See* TEX. CONST. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

interview constituted inadmissible hearsay, and that it was not necessary to admit the recording to clarify a false impression received by the jury.

## A. Standard of Review

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Id.* When considering a trial court's evidentiary decision, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

## B. Applicable Law

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement and is generally not admissible unless the statement falls within a recognized exception to the hearsay rule. TEX. R. EVID. 801(d), 802; *Pena v. State*, 353 S.W.3d 797, 814 (Tex. Crim. App. 2011). One such exception—Texas Rule of Evidence 107—known as the rule of optional completeness, provides:

> If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent[.]

TEX. R. EVID. 107. This evidentiary rule allows the admission of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007). "It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing." *Id.*

Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain properly admitted evidence. *Id.* Moreover, it is not invoked by the mere reference to a document, statement, or act. *Id*. To be admitted under the rule, "the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.'" *Pena*, 353 S.W.3d at 814 (quoting *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004)).

"Generally, when a portion of a videotaped conversation is inquired into by the defense, the State is entitled to offer any other evidence that was necessary to make the conversation fully understood." *Mick v. State*, 256 S.W.3d 828, 831 (Tex. App.—Texarkana 2008, no pet.) (citing *Credille v. State*, 925 S.W.2d 112, 117 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd)). Specifically, under Rule 107, the State is entitled to the admission of a complainant's videotaped statement when (1) defense counsel asks questions concerning some of the complainant's statements on the videotape, (2) defense counsel's questions leave the possibility of the jury's receiving a false impression from hearing only a part of the conversation, with statements taken out of context, and (3) the videotape is necessary for the conversation to be fully understood.[2] However, even if the defense counsel's questions pertain to the complainant's statements on the videotape, Rule 107 does not permit the introduction of the videotape by the State when (1) the videotape is unnecessary to show the context of the statement, such as showing the absence of a statement by the complainant rather than the existence of any directly contradictory statement, and

---

[2] Other intermediate appellate courts use the same application of law with respect to Rule 107. *See Sosa v. State*, No. 05-19-00868-CR, 2021 WL 1084639 at *3 (Tex. App.—Dallas March 22, 2021, pet. ref'd) (mem. op., not designated for publication); *Tovar v. State*, 221 S.W.3d 185, 190–91 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Petty v. State*, No. 10-18-00243-CR, 2020 WL 7085287 at *1–2 (Tex. App.—Waco Dec. 2, 2020, pet. ref'd) (mem. op., not designated for publication); *Woods v. State*, No. 02-17-00367-CR, 2018 WL 5289461 at *6–8 (Tex. App.—Fort Worth Oct. 25, 2018, pet. ref'd) (mem. op., not designated for publication); *Bailey v. State*, No. 11-09-00223-CR, 2011 WL 2732596 at *4 (Tex. App.—Eastland June 30, 2011, no pet.) (mem. op., not designated for publication).

(2) the admission of the videotape would likely create confusion, such as through references to extraneous offense evidence. *Tovar*, 221 S.W.3d at 191 (citing *Sauceda*, 129 S.W.3d at 121–24).

*C. Analysis*

Schoen's defense counsel began trial attacking S.A.V.'s credibility during opening statements when he referred to S.A.V.'s statement made during her forensic interview about her and her mom moving to Florida if her dad goes to jail and living with a friend that has a swimming pool. Defense accused S.A.V. of having "a motive to get out of [Texas]" and that "she never did like her father."

Further attacks to S.A.V.'s credibility and motive to lie about her father came during defense counsel's cross-examination of the forensic interviewer. Specifically, defense counsel asked the forensic interviewer, "And did [S.A.V.] tell you that she didn't remember anything like this happening in Pennsylvania?" The forensic interviewer answered no, but defense counsel repeated the questions, then changed the subject. Defense counsel then asked the forensic interviewer about S.A.V.'s correlating the amount of pancakes Schoen ate to the amount of semen he ejaculated. Additionally, defense counsel questioned the forensic interviewer about S.A.V.'s description of and physical demonstration of Schoen's penis, indicating to the jury Schoen's penis was never erect. Last, defense counsel asked the forensic interviewer about S.A.V. stating during the interview that if Schoen went to jail, she and her mother would move to Florida or somewhere, and it would be fun because there would be a swimming pool.

In response, the State then moved for the admission of the forensic interview recording under the rule of optional completeness because defense counsel's cross-examination of the forensic interviewer suggested S.A.V. fabricated her story, calling into question the entire forensic interview. The State contended the admission of the forensic interview would explain that S.A.V.'s statements about moving and having fun expressed her feelings about being freed from enduring

further sexual abuse after making her outcry. Additionally, the State argued the forensic interview would provide context to S.A.V.'s description of Schoen's penis and his ejaculating on several occasions. Overall, the State contended the admission of the entire recording would allow the jury to fully understand S.A.V.'s statements made during the interview. The trial court admitted the forensic interview over Schoen's objection.

The forensic interview provided context to S.A.V.'s statements about moving out of Texas and finally coming forward and telling her mother about the sexual abuse as well as the details of the continuous sexual abuse, including what happened in Pennsylvania. The forensic interview did not refer to extraneous offenses that were not part of the current prosecution. S.A.V. also referred to Schoen ejaculating several times, clarifying she knew what occurred during those times. S.A.V. clearly was not correlating the number of pancakes Schoen had eaten to the amount of semen he would ejaculate."

We conclude that defense counsel's inquiry into part of the contents of S.A.V.'s forensic interview possibly left a false impression with the jury regarding the contents of her statements, and thus the remainder of her statement was admissible under the rule of optional completeness so that the conversation between S.A.V. and the forensic interviewer could be fully understood. *See* TEX. R. EVID. 107; *Pena*, 353 S.W.3d at 814; *Walters*, 247 S.W.3d at 218; *Mick*, 256 S.W.3d at 831. We hold the trial court did not abuse its discretion by admitting S.A.V.'s forensic interview recording. *See Rhomer*, 569 S.W.3d at 669; *Montgomery*, 810 S.W.2d at 380. We therefore overrule Schoen's first issue.

### SUFFICIENCY OF THE EVIDENCE

Schoen argues in his second issue that the evidence is insufficient to support his multiple convictions for possession of child pornography under trial cause numbers A19182 and A19183.

Schoen claims the evidence is legally insufficient "for a jury to find beyond a reasonable doubt he intentionally or knowingly possessed child pornography."

### A. Standard of Review

We review the sufficiency of the evidence to support a conviction under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under that standard, we view all the evidence in the light most favorable to the verdict to determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

The jury is the sole judge of the credibility and weight to be attached to the testimony of a witness. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). In this role, the jury may choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Further, the jury is permitted to draw multiple reasonable inferences from facts as long as each inference is supported by the evidence presented at trial. *Temple*, 390 S.W.3d at 360. When the record supports conflicting inferences, we presume the jury resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id*.

Furthermore, in reviewing legal sufficiency challenges, the reviewing court must consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (stating the evidence-sufficiency standard of review is the same for both direct and circumstantial evidence). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. For evidence to be

sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *See Wise*, 364 S.W.3d at 903; *Cantu v. State*, 395 S.W.3d 202, 207–08 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Rather, a court considers whether inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the jury's verdict. *Wise*, 364 S.W.3d at 903; *Hooper*, 214 S.W.3d at 13.

### B. Applicable Law

To be convicted of possessing child pornography, the State must prove a person knowingly or intentionally possessed, or knowingly or intentionally accessed with intent to view, visual material that visually depicts a child younger than eighteen years of age at the time the image of the child was made who is engaging in sexual conduct, and the person knows the material depicts such a child. TEX. PENAL CODE ANN. § 43.26(a); *see Wise*, 364 S.W.3d at 903; *Wilson v. State*, 419 S.W.3d 582, 587 (Tex. App.—San Antonio 2013, no pet.). A person acts "intentionally" or with intent "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a). A person acts "knowingly" or with knowledge of the nature of his conduct or circumstances surrounding his conduct "when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b).

"Possession" means "actual care, custody, control, or management." *Id*. § 1.07(a)(39). A person commits a possession offense only if he voluntarily possesses the contraband. *Id*. § 6.01(a). Possession is voluntary "if the possessor knowingly obtains or receives the [contraband] possessed or is aware of his control of the [contraband] for a sufficient time to permit him to terminate his control." *Id*. § 6.01(b); *see also Williams v. State*, 313 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (stating the evidence must establish the defendant's connection with the

contraband is more than fortuitous). Proof of a culpable mental state almost invariably depends on circumstantial evidence, and a trier of fact can infer the requisite culpable mental state—such as knowledge—from all the circumstances, including the acts, conduct, and remarks of the accused. *See Gant v. State*, 278 S.W.3d 836, 839 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Dillon v. State*, 574 S.W.2d 92, 94–95 (Tex. Crim. App. 1978).

If contraband is not found on a person or is not in a location that is under the exclusive control of a single person, mere presence at the location where the contraband is found is insufficient by itself to establish actual care, custody, or control of the contraband. *Wilson*, 419 S.W.3d at 587 (citing *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006)). "However, presence or proximity, when combined with other evidence, either direct or circumstantial[,] may well be sufficient to establish [possession] beyond a reasonable doubt." *Evans*, 202 S.W.3d at 162. Accordingly, a fact finder may infer that the defendant intentionally or knowingly possessed contraband not in his exclusive possession if sufficient independent facts and circumstances justifying such an inference exist. *Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016). In other words, evidence affirmatively linking the defendant to the contraband suffices for proof that he possessed it knowingly. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Wilson*, 419 S.W.3d at 587. It is not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial, in establishing the elements of the offense. *See Evans*, 202 S.W.3d at 162.

In *Wise*, the Texas Court of Criminal Appeals noted the "peculiarities of determining knowing or intentional possession of computer pornography" and concluded that "each case must be analyzed on its own facts." 364 S.W.3d at 904–05. Thus, the court held in computer-pornography cases, "like all criminal cases, a court must assess whether the inferences necessary

to establish guilt are reasonable based upon the cumulative force of all the evidence considered in the light most favorable to the verdict." *Id*. at 905.

### C. Analysis

Schoen does not dispute the evidence extracted from the cell phone and the laptop depicts child pornography, but rather argues the evidence is insufficient to prove he knowingly or intentionally possessed the child pornography. Specifically, Schoen challenges the sufficiency of the evidence to support he was the person who downloaded, accessed, or viewed the child pornography because, as Schoen claims, multiple people had access to the devices.

At the time of his arrest, Schoen's cell phone was seized. Lucas Flores, an investigator with the Kerr County Sheriff's Office assigned to the special investigations unit and a task force officer with the United States Secret Service assigned to the South Texas Regional Task Force, an electronic crimes task force, extracted several child pornography images during his forensic analysis of Schoen's cell phone.

Similarly, Steven Ried, a sergeant with the Texas Attorney General's Office with the digital forensics unit, testified that he performed a forensic analysis on the laptop given to law enforcement by S.A.V.'s mother following Schoen's arrest. Ried extracted numerous images of child pornography from the laptop. Ried provided printouts of the computer's search history that included various searches related to child pornography, including videos from a known pornography site, many of which referred to father and daughter and other incest. Ried identified several of the searches were conducted in February and March of 2018, the same time period S.A.V. claims Schoen sexually assaulted her. Based on Ried's analysis of the laptop, he was able to determine the laptop's user accessed several images depicting child pornography, including some of the images previously deleted. Ried explained that the laptop's operating system was installed in March of 2017, and that the system information listed Schoen's father as the registered

owner of the computer, but also showed Schoen under the user accounts. Multiple people identified the cell phone and laptop as belonging to Schoen. Specifically, at trial, S.A.V. identified both Schoen's cell phone and laptop as the devices on which he made her watch inappropriate videos, including child pornography. S.A.V.'s trial testimony regarding seeing child pornography on Schoen's cell phone was supported by the recorded forensic interview wherein S.A.V. explained Schoen would have her watch child pornography while he sexually assaulted her.

Furthermore, Schoen's father acknowledged Schoen lived with him. Schoen's father identified the laptop and stated it was originally his and that he last used it years ago. He further testified that both during the time Schoen lived with him and up until Schoen's arrest, Schoen used the computer and kept it in a spare bedroom at Schoen's father's house. Schoen's father added that Schoen used the laptop because of Schoen's interest in Bitcoin.

S.A.V.'s mother also identified the laptop as belonging to Schoen, and testified she discovered several links in the computer's search history to what appeared to be child pornography while attempting to retrieve information about Schoen's investments into cryptocurrency. S.A.V.'s mother clarified that prior to seeing the search history she had never used Schoen's laptop and that S.A.V. had to provide her with the password. This testimony was further supported by the recorded jail visits between Schoen and his father. Specifically, during one of the recordings, Schoen discussed his laptop with his father. Schoen's father explained S.A.V.'s mother had it, to which Schoen responded he wanted it back because it belonged to him, but that S.A.V.'s mother could not access the laptop because she did not have the password.

Schoen, on the other hand, attempted to provide other explanations for child pornography being located on his cell phone during his recorded interview following his arrest. Specifically, Schoen discussed S.A.V.'s use of his cell phone to watch music videos and such while she worked with him. Schoen also claimed during his interview that S.A.V. had been caught viewing

inappropriate videos on YouTube before and that he and S.A.V.'s mother had discussed it with S.A.V. Schoen added during his interview that he was not a "fan" of pornography, and that pornography was his personal business and would not answer any questions regarding the topic. When asked specifically about child pornography, Schoen denied ever having viewed child pornography, denied seeing child pornography on his cell phone and deleting it, and vehemently denied ever showing S.A.V. pornography on his cell phone.

Nevertheless, during S.A.V.'s forensic interview without being prompted by a question, she told the forensic interviewer about Schoen showing her pornography on his cell phone. S.A.V. even described certain pornography websites that Schoen used on his cell phone. Moreover, S.A.V.'s mother testified about her discovering a piece of paper among Schoen's belongings that Schoen had written, entitled "Sex Games" that discussed fulfilling sexual fantasies, including his fantasies that involved "the school girl outfit" and the use of pornography.

Viewing all of the evidence and reasonable inferences in the light most favorable to the jury's verdict, we conclude the evidence is sufficient for a rational fact finder to have found beyond a reasonable doubt that Schoen knowingly or intentionally had actual care, custody, control, or management of the child pornography found on the cell phone and laptop. *See* TEX. PENAL CODE ANN. § 43.26(a); *see also Wise*, 364 S.W.3d at 903, 905; *Hooper*, 214 S.W.3d at 13. Accordingly, we hold that the evidence is legally sufficient to support Schoen's convictions for the possession of child pornography in trial cause numbers A19182 and A19183. *See Temple*, 390 S.W.3d at 360. We overrule Schoen's second issue.

## CONCLUSION

Having overruled each of Schoen's issues, we affirm the trial court's judgments in trial cause numbers A19182, A19183, and A19184 out of the 216th Judicial District Court, Kerr County, Texas.

Irene Rios, Justice

PUBLISH