PD-0038-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

GABRIEL LUNA,
PETITIONER

v.

THE STATE OF TEXAS

\* \* \* \* \* \* \* \* \* \*

Petition in Cause No. 2011-432,524, from the
137th District Court of Lubbock County, Texas,
and Cause No. 07-13-00422-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

\* \* \* \* \* \* \* \* \* \*

PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net

Attorney for the Petitioner,
GABRIEL LUNA

## PARTIES
(RULE 38.1(a), TEX. R. APP. PROC.)

A complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel includes:

GABRIEL LUNA, Petitioner
TDCJ#1908438
Allred Unit
2101 FM 369N
Iowa Park, TX 76367

THE STATE OF TEXAS, Respondent

FOR THE PETITIONER:

DAVID CROOK, Crook & Jordan
PO Box 94590
Lubbock, Texas 79493
(806)744-2082
 (806) 744-2083 (fax)
State Bar No. 05109530
Attorney for the Petitioner

FOR THE STATE OF TEXAS:

MR. JEFF FORD
ATTORNEY FOR THE
STATE OF TEXAS
Office of the District Attorney
Lubbock County
PO Box 10536
Lubbock, TX 79408-3536
(806)  775-1100
(806) 775-1154 (fax)

Hon. LISA McMINN
State Prosecuting Attorney
PO Box 12405
Austin, TX 78711
(512) 463-1660
(512) 463-5724 (fax)

**TABLE OF CONTENTS**
(RULE 68.4(a), TEX. R. APP. PROC.)

*PAGE*

PARTIES …………………………………………...………………….…………2

TABLE OF CONTENTS …………………………………………………….........3

INDEX OF AUTHORITIES …………………………………………………...…..5

STATEMENT REGARDING ORAL ARGUMENT ……………………….…………7

STATEMENT OF THE CASE ……………………………………………………..7

STATEMENT OF PROCEDURAL HISTORY …………………………….…............7

PETITIONER'S GROUNDS FOR REVIEW …………………………………........8

**NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING PETITIONER'S OBJECTION IN THE TRIAL COURT DURING GUILT-INNOCENCE TO THE FACT OF HIS INCARCERATION FOR AN UNRELATED OFFENSE DURING THE PENDENCY OF HIS TRIAL……………………………………………………………**

**NUMBER TWO: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GUILT-INNOCENCE PHASE IN FINDING EVIDENCE OF PETITIONER'S INCARCERATION FOR AN UNRELATED OFFENSE DURING THE PENDENCY OF TRIAL MORE PROBATIVE THAN PREJUDICIAL UNDER T.R.E. 403……………………………………………**

REASONS FOR REVIEW ……………………………………………...……………8

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

**AS TO GROUNDS NUMBER TWO: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

ARGUMENT…………………………………………………………………….9

CONCLUSION AND PRAYER …………………………………………...………..14

CERTIFICATE OF COMPLIANCE……………………………………………………….14

CERTIFICATE OF SERVICE …………………………………………………………….15

APPENDIX …………………………………………………………………………...16

# INDEX OF AUTHORITIES
## (RULE 68.4(b), TEX. R. APP. PROC.)

*PAGE*

**Case Law, State**

*Andrade v. State*, 246 S.W.3d 217, 227-228 (Tex. App.—Houston [14th Dist] 2007, pet. ref'd)…………………………………………………………………………………..12

*Burke v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston (1st Dist.) 2012, pet. dis'd)………12

*Gigliobianco v. State*, 210 S.W.3d 637, 641-642 (Tex. Crim. App. 2006).………………….13,14

*Montgomery v. State*, 810 S.W.2d 372, 376 (Tex. Crim. App. 1990). …………………………11

*Robinson v. State*, 368 S.W.3d 588, 603 (Tex. App.—Austin 2012, pet. ref'd)………………..13

*Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008)………………………………12,13,14

**State Statutory Law**

TEX R. EVID. 401……………………………………………………………………………..10,11

TEX R. EVID. 402……………………………………………………………………………….10,11

TEX. R. EVID 403……………………………………………………………………………...12

PD-0038-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

GABRIEL LUNA,
PETITIONER

v.

THE STATE OF TEXAS

* * * * * * * * * *

Petition in Cause No. 2011-432,524, from the
137th District Court of Lubbock County, Texas,
and Cause No. 07-13-00422-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

* * * * * * * * * *

PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax

Attorney for the Petitioner,
GABRIEL LUNA

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW GABRIEL LUNA, Petitioner, by and through his attorney of record, DAVID CROOK, and petitions the Court of Criminal Appeals of Texas to exercise its discretionary jurisdiction to review the judgment of the Court of Appeals for the Seventh District of Texas, Amarillo, Texas. In support of this Petition, he would show this Honorable Court as

follows.

**STATEMENT REGARDING ORAL ARGUMENT**
(RULE 68.4(c), TEX. R. APP. PROC.)

The grounds for review set forth in this petition concern the failure of the court of appeals to follow binding precedent; oral argument would be helpful to the Court in distinguishing the factual background of the case as shown in the record inasmuch as the facts of the case play an important role in defining the implications of Petitioner's argument.

**STATEMENT OF THE CASE**
(RULE 68.4(d), TEX. R. APP. PROC.)

On October 12, 2011, Petitioner was charged in a single-count indictment. He was charged under Penal Code § 22.011(a)(2)(A) with Sexual Assault. The alleged victim was Megan Luna, a child, and the offense date alleged was July 1, 2009 (Clerk's Record ["CR"] p. 6).

A non-evidentiary pretrial hearing was held in the case on July 20, 2011 (RR v. 2). Petitioner's jury trial on guilt-innocence commenced on November 4, 2013. He was convicted on November 6, 2013 (RR v. 5, p. 148-149). Sentencing proceedings took before the jury. On November 7, 2013, the jury sentenced Petitioner to fifty (50) years imprisonment in the Texas Department of Criminal Justice, Institutional Division (RR v. 6, p. 128, CR pp. 75). The Court sentenced Appellant accordingly (CR pp. 80-83).

Petitioner perfected appeal on November 27, 2013, with a handwritten *pro se* notice of appeal (CR p. 70).

**STATEMENT OF PROCEDURAL HISTORY**
(RULE 68.4(e), TEX. R. APP. PROC.)

The Seventh Court of Appeals rendered its decision affirming petitioner's conviction on December 10, 2014. No motion for rehearing was filed by Petitioner. Petitioner's counsel moved for one extension, which was granted. This petition was then filed with the clerk of the court of appeals within the time allowed by order of this Court on Petitioner's Motion for Extension.

**GROUNDS FOR REVIEW**

**NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING PETITIONER'S OBJECTION IN THE TRIAL COURT DURING GUILT-INNOCENCE TO THE FACT OF HIS INCARCERATION FOR AN UNRELATED OFFENSE DURING THE PENDENCY OF HIS TRIAL.**

**REASON FOR REVIEW**

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

**GROUNDS FOR REVIEW**

**NUMBER TWO: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GUILT-INNOCENCE PHASE IN FINDING EVIDENCE OF PETITIONER'S INCARCERATION FOR AN UNRELATED OFFENSE DURING THE PENDENCY OF TRIAL MORE PROBATIVE THAN PREJUDICIAL UNDER T.R.E. 403.**

**REASON FOR REVIEW**

**AS TO GROUNDS NUMBER TWO: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

**ARGUMENT**

GROUNDS NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING PETITIONER'S OBJECTION IN THE TRIAL COURT DURING GUILT-INNOCENCE TO THE FACT OF HIS INCARCERATION FOR AN UNRELATED OFFENSE DURING THE PENDENCY OF HIS TRIAL.

*Applicable Portions of the Record*

Both of Petitioner's grounds for requested review herein stem from the State's use at trial before the jury during guilt-innocence phase of the fact that Petitioner was incarcerated for an unrelated offense during the pendency of the instant case.

After jury selection and before trial to the jury started, the State announced that (according to it) the alleged victim disclosed the supposed sexual assault because she learned that Appellant was being released from prison. The State was apparently seeking to give a basis for introducing that matter before the jury. The State announced that this supposed "fact" was "well documented." The Court responded that the motion in limine on that point was still in effect, and told the State to make sure the alleged victim kept her testimony kosher in that regard (RR v. 4, pp. 7-8).

The alleged victim in this case, Megan Lopez, made a rather sweeping statement regarding having no further communications of any sort with Petitioner after the supposed sexual assault. Defense counsel then approached the witness and proffered a letter dated after the alleged sexual assault. The witness basically authenticated it, and defense counsel offered it as D1. The State claimed that the defense had "opened the door" to unspecified matters. With the jury out, the State claimed that the alleged victim's letter, apparently sent to Petitioner in prison, was relevant to show the victim's "state of mind" [?]. The Court considered the matter after defense counsel made a relevancy objection (RR v. 4, pp. 106-107). After considering the question, the Trial

9

Court decided that the State should be allowed to address the fact of Appellant's incarceration before the jury, that the door had been opened. The Court indicated its intention of allowing the matter of Petitioner's incarceration into evidence, and said that, "I don't think the prejudicial effect would outweigh the probative value, and I am prepared to give a limiting instruction, which I'm going to do" (RR v. 4, p. 109). With the jury back in, the Court admitted D1 into evidence. The Court then gave a limiting instruction about Appellant being "in jail." This was before the matter was actually in evidence (RR v. 4, p. 111). On redirect, the alleged victim said that she reported the supposed event when she did, two and a half years after the assault, because she found out Appellant was "getting out" [of jail] (RR v. 4, p. 119). She sent "that letter" to her father [Petitioner] "in jail" (RR v. 4, p. 120).

*Question of Error and Rule 401; Binding Precedent*

Petitioner asserts that the introduction of testimony that he was incarcerated after the alleged event at issue for an unrelated (both factually and conceptually) offense was plainly erroneous under T.R.E. 401 and 402. T.R.E. 401 defines "Relevant evidence" as meaning evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Rule 402 has it that irrelevant evidence is admissible. TEX R. EVID. 402.

The State argued that the defense had somehow "opened the door" to evidence of Petitioner having been incarcerated after the event at issue, which the State's charging instrument dated to approximately July 1, 2009. Petitioner supposedly "opened the door" by the fact of the alleged victim saying something that was either erroneous due to a memory lapse or else a lie, namely that she had never contacted him after the event. Defense counsel then produced a letter

10

written by her after that time. How that action opened the door to the fact of Petitioner's subsequent incarceration is unclear, at least to the undersigned.

The Court of Appeals agreed with the State's position in the Trial Court that allowing the fact of Petitioner's previous incarceration into evidence in guilt-innocence phase was not error (*Opinion of the Court of Appeals*, pp. 4-5).

In the instant case there was simply no logical reason for permitting proof of Petitioner's incarceration [for a drug offense, as shown by the record] after his counsel impeached the alleged victim by catching her in an apparent lie about severing communications with him after the alleged sexual assault. One should not be able to "open the door" to inadmissible evidence. Trial defense counsel crossed the alleged victim with the letter because the alleged victim had been caught in either a major lapse of memory or a major lie. Petitioner should not have been punished for the alleged victim's apparent malfeasance because evidence of the fact of his incarceration was irrelevant under Rules 401 and 402. This is so because it cannot be said that this evidence had "any tendency to make the existence of any fact of consequence to the determination of the action more or less probable, as required by Rule 401. "In deciding whether a particular piece of evidence is relevant, a trial court judge should ask 'would a reasonable person, with some experience in the real world believe that the particular piece of evidence is helpful in determining the truth or falsity of any fact that is of consequence to the lawsuit.'" *Montgomery v. State*, 810 S.W.2d 372, 376 (Tex. Crim. App. 1990). In holding the evidence admissible, the Trial Court violated Rules 401 and 402, and the holding in *Montgomery*. A defense counsel showing that an alleged victim is probably a liar should not be the occasion for allowing in irrelevant evidence, in an apparent attempt to undo the damage done to the State's case by defense counsel in doing her job.

GROUNDS NUMBER TWO: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GUILT-INNOCENCE PHASE IN FINDING EVIDENCE OF PETITIONER'S INCARCERATION FOR AN UNRELATED OFFENSE DURING THE PENDENCY OF TRIAL MORE PROBATIVE THAN PREJUDICIAL UNDER T.R.E. 403.

*The Record*

The discussion of the applicable portions of the record given under Appellant's First Grounds, *supra*, is incorporated by reference into this his Second Grounds as if set out at length. The issue for this grounds is whether it was error under Rule 403 to allow into evidence, in guilt-innocence phase, the fact of Petitioner's incarceration on an unrelated drug charge as complained of, *supra*. The Court of Appeals found otherwise.

*Did the Trial Court and Reviewing Court Err under Rule 403?*

A trial court's ruling on whether to exclude evidence because its probative value is substantially outweighed by the danger of unfair prejudice is also measured by an abuse of discretion standard and will not be reversed if the ruling is within the zone of reasonable disagreement. *Burke v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston (1st Dist.) 2012, pet. dis'd). Petitioner also must contend with holdings to the effect that when a trial court balances the probative value of relevant evidence against the danger of unfair prejudice, a presumption exists that favors the evidence's probative value. TEX. R. EVID. 403, see *Andrade v. State*, 246 S.W.3d 217, 227-228 (Tex. App.—Houston [14th Dist] 2007, pet. ref'd), and *Burke*, *supra*, at 258.

The basic bifurcated analysis under Rule 403, which the Trial Court alluded to, is (1) to be admissible, the uncharged act or evidence must be relevant to a material issue in the case and (2) the probative value of that evidence is not significantly outweighed by its prejudicial effect. *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008). Relevant evidence is generally admissible unless its probative value is substantially outweighed by other concerns, such as

misleading the jury. For relevant evidence to be excluded, there must be a clear disparity between its probative value and it harmful effects. *Robinson v. State*, 368 S.W.3d 588, 603 (Tex. App.—Austin 2012, pet. ref'd). Petitioner avers that the fact that he was in jail or prison for a drug charge that was not related to the charge being tried was not "relevant to a material issue in the case" as per *Segundo*. Defense counsel had managed to impeach the alleged victim effectively. The alleged victim should have told the truth and/or gotten her facts straight before making a misstatement. If the alleged victim had not told a lie or had a substantial lapse of memory, whatever it was, there would have been no occasion for permitting the State to drag in the fact of Petitioner's incarceration. The whole dispute arose in the context of the alleged victim leaving herself open to impeachment, a state of affairs well removed from anything relevant to a material issue in the case, as per *Segundo*.

Petitioner also avers that the probative value of the evidence at issue was substantially outweighed by other [obvious] concerns, such as the jury interpreting the fact that Petitioner was incarcerated to be indicative of bad character. When analyzing the second prong of the bifurcated 403 test for admissibility, reviewing courts look at (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, and (4) any tendency of the evidence to confuse or distract the jury from the main issues, and (5) any tendency of the evidence to be given undue weight by the jury, and (6) the likelihood that the presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-642 (Tex. Crim. App. 2006). The facts of the case militate against the admissibility of the evidence under this test.

Again, the evidence must be relevant to the case as per the first prong postulated in

*Segundo*, *supra*, and other holdings before there is any question of admissibility under Rule 403. Petitioner avers that his stint of incarceration after the supposed event was not relevant to the issue for jury determination, and was not fairly before the jury due to Appellant's having "opened the door" in any sense. Nor was the evidence admissible under the second prong of Rule 403 [as postulated by *Segundo, supra*] in the admission of evidence. This remains true despite the abuse of discretion standard and the presumption for admissibility in doubtful cases. Petitioner avers that by holding otherwise, the Amarillo Court of Appeals misread the requirements of Rule 403 and *Segundo* and *Gigliobianco*.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner GABRIEL LUNA, prays that the Court of Criminal Appeals grant his Petition for Discretionary Review, and that after submission, this Court reverse the decision of the Court of Appeals and remand the Cause.

Respectfully submitted,

David Crook
Crook & Jordan
Attorney-at-law
PO Box 94590
Lubbock, Texas 79493
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net
Attorney for the Petitioner,
GABRIEL LUNA

 _/S/ David Crook
DAVID CROOK
Texas State Bar No. 05109530

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(2)(D)

This is to certify that the length of the foregoing *Petition for Discretionary Review* conforms with the Texas Rule of Appellate Procedure 9.4, in that the brief, computer-generated,

is 1,992 words, which is no longer than 4,500 words, exclusive of the pages containing the identity of the parties and counsel, any statement regarding oral argument, the table of contents, the index of authorities, the statement of the case, the issues presented, the signature, and the proof of service.

/s/ David Crook_____
David Crook

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above and foregoing PETITION FOR DISCRETIONARY REVIEW was mailed to the Hon. Jeff Ford, attorney for the State of Texas, at his office address of Office of the District Attorney, PO Box 10536, Lubbock, TX 79408-3536. It was also mailed to Hon. Lisa McMinn, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas, 78711, on February 9, 2015.

/s/David Crook
David Crook

**<u>APPENDIX</u>**



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00422-CR
_____

GABRIEL LUNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-432,524, Honorable John J. "Trey" McClendon, Presiding

December 10, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Gabriel Luna, appeals the trial court's judgment by which he was convicted of sexual assault of a child and sentenced to fifty years' confinement.[1] He contends on appeal that the trial court reversibly erred when it admitted testimony regarding appellant's post-offense incarceration for an unrelated offense. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West Supp. 2014).

Factual and Procedural History

Appellant was charged with and convicted of sexually assaulting his daughter, M.L., in 2009, when M.L. was fifteen years old. The State's evidence of appellant's guilt consisted primarily of M.L.'s account of the assault. In an apparent effort to undermine the credibility of M.L.'s testimony regarding the assault, appellant introduced the fact that M.L. continued to write letters to appellant after the alleged assault, suggesting that no assault occurred and the two shared a fairly normal father-daughter relationship. The State sought to make clear to the jury that M.L. wrote to appellant only while appellant was incarcerated such that he could not be around her and she felt safe from him; ostensibly, the State thereby sought to correct the false impression that there remained a natural, bonded father-daughter relationship. The trial court permitted evidence of the letter and, over appellant's objections, also admitted evidence that appellant was incarcerated at the time M.L. wrote the letter at issue. The trial court made clear that the State was not permitted to introduce any evidence of the offense for which appellant was incarcerated at that time. Further, the trial court strictly limited the jury's consideration of the fact that appellant was incarcerated and expressly directed it not to consider that fact as any evidence that appellant was guilty of the instant offense.

Ultimately, the Lubbock County jury found appellant guilty of the charged offense and recommended punishment of fifty years' imprisonment. The trial court imposed sentence accordingly, and appellant timely appealed to this Court, where he now contends in two issues that the trial court erred by admitting evidence that he was incarcerated at the time M.L., the complainant, corresponded with him.

2

Standard of Review

We review the trial court's decision to exclude or admit evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (en banc) (citing *Marras v. State*, 741 S.W.2d 395, 404 (Tex. Crim. App. 1987) (en banc)). The test for abuse of discretion is a question of whether the trial court acted without reference to any guiding rules and principles. *Id.* at 380. We will uphold the trial court's ruling "so long as the result is not reached in an arbitrary or capricious manner." *Id.* Further, we will sustain the trial court's decision if that decision is correct on any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc).

Analysis

Appellant challenges the admission of the evidence of his incarceration on two fronts: (1) its relevance and (2) its prejudicial effect versus its probative value. We will address those aspects of the evidence in turn.

Relevance

In his first issue, appellant complains that, by admitting M.L.'s testimony that appellant was incarcerated at the time she sent him the letter at issue, the trial court admitted irrelevant evidence. The State contended below and reasserts on appeal that appellant left a false impression when he cross-examined M.L. about corresponding with appellant, suggesting that M.L. and appellant maintained a normal father-daughter relationship and, in turn, attempting to undermine the credibility of her testimony of the

3

assault. Doing so, the State maintains, opened the door for it to introduce the fact that appellant was incarcerated on a seemingly unrelated matter at the time of the correspondence, correcting any impression otherwise left concerning the relationship between father and daughter.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. The parties speak in terms of "opening the door" when addressing the relevance of the evidence that appellant was incarcerated when M.L. wrote him the letter introduced into evidence. The general idea behind the notion of "opening the door" is that "once one party has begun an inquiry into a particular subject, that party cannot complain when the opposing party desires to go into the details of that subject." *Sherman v. State*, 20 S.W.3d 96, 101 (Tex. App.—Texarkana 2000, no pet.). Evidence used to fully explain a matter introduced by the other party need not ordinarily be independently admissible. *See id.*

On cross-examination of M.L., appellant's counsel questioned her about any correspondence she had maintained with appellant and ultimately presented evidence of a letter M.L. had written and sent to appellant only months after the alleged date of the offense. It appears that appellant's strategy in doing so was to leave the jury with the impression that M.L. and appellant shared a rather normal father-daughter relationship, one in which she felt secure enough to write him friendly letters while he was away. Appellant may have anticipated that such a relationship would undermine M.L.'s testimony that appellant sexually assaulted her. Evidence that appellant was incarcerated at the time M.L. wrote him letters—that he was in what the State calls a

4

"controlled environment" from which he could not physically reach M.L.—arguably diminishes the impact of appellant's evidence that M.L. continued to correspond with him after the date the offense was alleged to have occurred. On that basis, it makes the existence of a normal father-daughter relationship less probable, and appellant made the father-daughter relationship a fact of consequence by raising the issue of the letter in the first place as a means of undermining M.L.'s credibility. *See* TEX. R. EVID. 401. In other words, by admitting evidence of the letter, appellant cannot now complain that the State emphasized to the jury the details surrounding the letter from M.L. to appellant. *See Sherman*, 20 S.W.3d at 101. The trial court did not abuse its discretion when it concluded that appellant's incarceration was relevant to the issues surrounding M.L.'s letter to appellant. We overrule appellant's contention to the contrary.

Prejudicial Effect v. Probative Value

We now evaluate the probative value of that evidence in light of its prejudicial effect. In effect, appellant now contends that, even if evidence of appellant's incarceration at the time of M.L.'s letter to him *was* relevant, the evidence's prejudicial effect substantially outweighed its probative value.

Indeed, even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *See* TEX. R. EVID. 403. When called on to analyze evidence in light of a Rule 403 objection, the trial court must balance the following considerations: (1) the inherent probative force of the proffered evidence along with (2) the proponent's

need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

Standing alone, perhaps, the probative value of evidence that appellant was incarcerated at the time could be said to have minimal probative value. However, in the context of this trial and in light of the state of the record before the trial court, the fact that appellant was incarcerated when M.L. sent the letter in question is rather valuable in that it provides the jury with a more complete understanding of the facts and circumstances surrounding M.L.'s letter to appellant. Appellant appears to have wanted the jury to consider the fact that M.L. continued to correspond with appellant even after the date of the offense for which he was on trial. That being so, the jury was entitled to consider the totality of the facts and circumstances surrounding M.L.'s letter to appellant. Based on the evidence before it, the trial court could have concluded that, only when armed with the full context surrounding the correspondence, could the jury assign the appropriate weight and value to the fact that M.L. sent appellant the letter.

The probative value of the letter and of the fact that appellant was incarcerated when he received it increases when we consider that the State's evidence consisted primarily of M.L.'s account of the offense. As much as appellant relied on the evidence of the letter to undermine M.L.'s testimony, the State, as proponent of the evidence of

6

appellant's incarceration at the time of the letter, had a pressing need for that evidence to diminish the impact the letter may have had on the State's most critical evidence of the assault. *See id.* at 641. The trial court could have reasonably concluded that the State's need for the evidence weighed in favor of its admission.

We cannot overlook the fact that the evidence revealed to the jury that appellant was incarcerated, at least suggesting that the evidence raised a character issue relating to extraneous offenses. In doing so, there is some tendency of the evidence to distract the jury from the main issue and to suggest decision on an improper basis: appellant's general criminal nature. *See id.* Aware of these considerations and in an effort to guard against such a tendency, the trial court was careful to admonish M.L. not to allude to the nature of the offense for which appellant was incarcerated at the time M.L. wrote and sent the letter; the jury was permitted to consider for a limited purpose only that appellant was incarcerated, nothing concerning the details of the incarceration. The trial court also issued the following specific instruction to the jury regarding its consideration of the evidence that appellant was incarcerated at the time of the letter:

> Ladies and Gentlemen of the Jury, I anticipate here in just a few minutes that – that as a part of this letter, that there will be testimony that will include that this letter was sent to [appellant] in jail. You are in no way to deduce from that that he is guilty of anything in – in regards to this. It is – you can simply use it as evidence that that is where she sent the letter.
>
> You are not to make any assumptions, based upon her sending it to him in jail, that he is guilty of this particular offense. Your – you will make your decisions based solely upon the evidence presented in court. All right.

By this instruction, the trial court clarified the import of the evidence, cautioned the jury against giving that evidence undue weight, and reminded the jury of its duty to properly consider the evidence as it relates to the offense at bar. In other words, the trial court

7

equipped the jury with the framework and limitation with which it could properly evaluate the probative force of the evidence of appellant's incarceration at the time of the letter. *See id.*

Finally, the record demonstrates that the presentation of the evidence that appellant was incarcerated when M.L. sent him the letter did not "consume an inordinate amount of time" and did not "merely repeat evidence already admitted." *See id.* at 641–42. The trial court could have concluded that these factors weighed in favor of admission of the evidence.

Based on our analysis of the relevant factors, we cannot say that the trial court abused its discretion when it admitted evidence of appellant's incarceration over appellant's Rule 403 objection. We overrule appellant's second and final point of error.

## Conclusion

Having overruled both of appellant's points of error, we affirm the trial court's judgment of conviction. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.

8

[Print this page](#)

# Case # PD-0038-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 02/09/2015 01:33:21 PM |
| Case Number | PD-0038-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | David Crook |
| Firm Name | Crook & Jordan |
| Filed By | David Crook |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | File and ServeXpress Global |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 6704934 |
| Order # | 004073371-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | 56743796 |
| Comments | - |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Rejection Information**

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 02/11/2015 03:13:30 PM | The petition for discretionary review does not contain the identity of the trial court Judge [Rule 68.4(a)]. You have ten days to file a corrected petition. |

**Documents**

| *Lead Document* | 1.PDF | [Original] |
|---|---|---|